IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**THEODORE CONNOR, III d/b/a**                              **PLAINTIFF**
**WAR-CON CONSTRUCTION**
**COMPANY**

v.                                          **CAUSE NO. 1:11-cv-421-LG-RHWR**

**JOHN E. SHAVERS, individually and**
**d/b/a JESCO DISASTER SERVICES**                       **DEFENDANTS**
**and d/b/a JDS DISASTER SERVICES,**
**et al.**

**<u>MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS' MOTION TO SET ASIDE JUDGMENT,
DENYING DEFENDANTS' MOTION TO DISMISS, DENYING PLAINTIFF'S
MOTION FOR SANCTIONS, AND DENYING PLAINTIFF'S MOTION FOR
HEARING</u>**

**BEFORE THE COURT** is the [117] Motion to Set Aside Judgment and [120] Motion to Dismiss filed by Defendants, John E. Shavers individually and d/b/a Jesco Disaster Services and d/b/a JDS Disaster Services, Jesco Construction Corporation (a Mississippi Corp.) ("JESCO Mississippi"), Jesco Construction Corporation (a Louisiana Corp.) ("JESCO Louisiana"), Jesco Construction Corporation (a Delaware Corp.) ("JESCO Delaware"), J5 Global LLC, J.D.S., LLC, and John Does 1-5 (collectively, "Defendants"). Plaintiff, Theodore Connor III d/b/a War-Con Construction Company, has filed a [123] Motion for Sanctions, as well as a [125] Motion for Hearing regarding his request for sanctions. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the [117] Motion to Set Aside Judgment should be granted in part and denied in part, to the extent that a new Order and Judgment will be entered to

correct a clerical error. The [120] Motion to Dismiss, [123] Motion for Sanctions, and [125] Motion for Hearing will be denied.

## BACKGROUND

The [1] Complaint in this matter was filed November 4, 2011, alleging that the various corporate defendants are "alter egos" of Defendant John E. Shavers, which are engaged in "disaster cleanup and environmental remediation services" and used by Defendant Shavers to transfer debts and commingle funds between his various corporate entities. (Compl. ¶ XI, ECF No. 1). Defendant Shavers, through JESCO Construction Corporation, allegedly subcontracted some disaster cleanup work to Plaintiff, Theodore Connor, III d/b/a War-Con Construction Company. (*Id.* ¶ XII). Plaintiff claimed that Defendant failed to pay for the services rendered pursuant to the subcontract, causing Plaintiff's construction company to close and suffer damages. (*Id.*).

After some time, the parties settled the dispute, and on September 23, 2014, the Court entered an Agreed Judgment in the amount of $2,376,888.44 plus interest at the rate of 8% per annum. The Judgment provided "that the Court retains jurisdiction of this matter to enforce the terms of this Judgment and its terms of payment as may be necessary." (Agreed J., 3, ECF No. 105). The Judgment also stated that it would be entered "but not enrolled except in the event of a default." (*Id.* at 1). Default is "defined as the failure of Defendants or their designated attorneys or representatives to pay the agreed settlement value of the judgment within thirty days of receiving funding or payment from the Henderson County,

Illinois claims or from any BP claims which have been submitted or may be submitted by, or on behalf of, Defendants." (*Id.* at 2). Moreover, "pursuant to the terms of the settlement reached by all of the above-named parties," the Court separately entered an [106] Order which awarded "a judicial and equitable lien" for Plaintiff "as to any proceeds [,] awards [,] or other funds which may be issued in favor of JESCO Construction Corporation" in various matters, including then-ongoing claims against BP. (*See* Order, ECF No. 106).

On September 4, 2020, the Clerk docketed a letter from Plaintiff's counsel advising the Court of its belief that Defendants were "in breach of the Agreed Judgment entered by this court on September 23, 2014." (Letter, ECF No. 107). On December 23, 2020, Plaintiffs filed a [108] Motion to Enforce Judgment and Motion for Default Judgment, alleging that the BP claim had been settled, but that more than thirty days had passed without payment as required by the Agreed Judgment. (*See* Mot. Enforce J., ¶ 3, ECF No. 108). The Motion included a Certificate of Service which certified that all counsel had been served via electronic delivery through the ECF system. (*Id.* at 4). Plaintiff excepted from its Motion to Enforce Judgment one party, JESCO Delaware, which had filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Southern District of Mississippi. (Mem. Supp. Mot. Default Enforce J., Agmt. ¶ 1, ECF No. 109). Notified of the bankruptcy, the Court stayed the case as to all Defendants due to Plaintiff's "alter ego" theory of liability against the Defendants collectively. (Stay Order, ECF No. 110).

On September 21, 2021, Plaintiff filed a [111] Notice of Renewal of Judgment, in which it reported that the Judgment had been "renewed of record against each of the above-named Defendants"; he also stated that he was not then seeking enforcement due to the bankruptcy stay. (*See* Not., ECF No. 111). The Notice of Renewal of Judgment also contained a Certificate of Service which certified that it had been mailed to Defendants at their places of business or residences as well as on counsel. (*Id.*). Plaintiff also filed an Affidavit listing the last known addresses of Defendants and their counsel and a Proof of Mailing of the Notice and Affidavit to these addresses. (*See* ECF Nos. 111-2, 111-3).

In April 2022, Plaintiff followed up with a [113] "Motion for Default and for Breach of Settlement Agreement and to Enroll Judgment." This Motion was filed against all Defendants except for JESCO Delaware—the party which had filed bankruptcy—alleging again that Defendants had breached the settlement agreement and were in default by failing to pay to Plaintiff funds from their BP claim, failing to execute assignments to Plaintiff, and failing to provide information regarding Plaintiff's lien. (*See* Mot. Default, ECF No. 113). Plaintiff's counsel certified that he had "electronically filed the foregoing with the Clerk of the Court using the ECF system which will automatically serve all counsel of record via electronic delivery." (*Id.* at 4). Plaintiff then partially canceled the Judgment as to the party that had been in bankruptcy, JESCO Delaware. (*See* Part. Cancellation J., ECF No. 115).

On August 25, 2022, with no response at all from any Defendant, Plaintiff submitted to the Court a proposed Order and Judgment granting the [113] Motion for Default. The Court entered the [116] Order and Judgment on October 20, 2022, finding therein that Defendants were "in default of the terms of the [105] Agreed Judgment entered by this court on September 23, 2014 and the accompanying [106] Order entered October 29, 2014," and awarded to Plaintiff "the full amount of $2,376,888.44, plus interest at a rate of 8% per annum from September 15, 2014, until paid together with all cost incurred herein." (*See* Order & J., ECF No. 116). The Order and Judgment mistakenly excluded JESCO Mississippi, rather than JESCO Delaware, as the party in bankruptcy.[1] (*Id.*). It also stated that it was a final judgment which Plaintiff could enroll and execute in accordance with the laws of the United States and Mississippi. (*Id.*).

Several months later came a procession of motions, all of which remain pending before the Court. On June 3, 2023, all Defendants jointly filed a [117] Motion to Set Aside Judgment with no supporting memorandum, principally arguing that service of Plaintiff's filings was defective and that the [116] Order and Judgment was otherwise erroneous. Plaintiff [118] responded. Over two months later, on August 16, 2023, Defendants filed a [120] Motion to Dismiss. On October 3, 2023, Plaintiff filed a [123] Motion for Sanctions and a [125] Motion for Hearing.

---

[1] The proposed Order and Judgment submitted to the Court contained this error, and it was not corrected before entry.

The issues are now fully briefed, and the Court is prepared to reach a decision on these Motions.

## DISCUSSION

The Court must first ensure its ability to resolve these issues before proceeding further. "With consent of the parties, a district court may expressly retain jurisdiction over a settlement agreement in order to enforce the parties' compliance with that agreement and thereafter may assert jurisdiction over breach of settlement claims." *Energy Mgmt. Serv., LLC v. City of Alexandria*, 739 F.3d 255, 261 n. 3 (5th Cir. 2014); *see also In re Amerijet Intern., Inc.*, 785 F.3d 967, 975-76 (5th Cir. 2015); *Wise v. Wilkie*, 955 F.3d 430, 434 (5th Cir. 2020). Here, the [105] Agreed Judgment clearly provides "that the Court retains jurisdiction of this matter to enforce the terms of this Judgment and its terms of payment as may be necessary." (*See* Agreed J., ECF No. 105). Therefore, the Court finds that it retains subject-matter jurisdiction over the issues presented in the Motions, to the extent they touch on enforcement of the settlement in this case.

### I.   MOTION TO SET ASIDE JUDGMENT

The Court first considers Defendants' [117] Motion to Set Aside Judgment, which is directed towards the [116] Order and Judgment finding them in default. As an initial matter, Defendants do not clarify their procedural basis for the relief sought and have failed to support the Motion with a memorandum as required by

L.U. Civ. R. 7(b)(4).[2]  The Court notes that post-judgment relief in a civil matter is generally governed by Federal Rules of Civil Procedure 59 and 60.  As such, the Court will consider the procedural basis for each item of relief under these Rules as they are considered in turn.

First, Defendants claim that there was "no service or notice upon the Defendants" with respect to the original [108] Motion for Default and for Breach of Settlement Agreement and to Enroll Judgment, nor with respect to Plaintiff's [111] Notice of Renewal of Judgment, which was sent to allegedly obsolete addresses,[3] nor with respect to his second [113] Motion for Default and for Breach of Settlement Agreement and to Enroll Judgment.  (*See generally* Mot. Set Aside J., ECF No. 117).  Plaintiff responds that his [113] Motion was "served upon all counsel of record through the ECF system which automatically served all counsel, including Defendants' counsel of record, William H. Pett[e]y, Jr."  (*See* Pl.'s Resp. Opp. Defs.' Mot. ¶ 3, ECF No. 118).  Plaintiff also responds that the [111] Notice of Renewal of Judgment listed and was mailed to the last known addresses of Defendants and their counsel, in compliance with Miss. Code Ann. § 15-1-43.  (Pl.'s Resp. Opp. Defs.' Mot. ¶ 5, ECF No. 118).

---

[2] "At the time the motion is served, other than motions or applications that may be heard ex parte or those involving necessitous or urgent matters, counsel for movant must file a memorandum brief in support of the motion."  L.U. Civ. R. 7(b)(4).

[3] Defendant complains that Plaintiff did not include an address found on JESCO Delaware's bankruptcy petition for Defendant Shavers and did not include another "listed on [the] Jesco Construction web site." (*Id.* ¶¶ 10-12).

This argument appears to be made under Rule 60(b)(1), which provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The Court has corroborated Plaintiff's assertion that he filed his original [108] Motion for Default and for Breach of Settlement Agreement, as well as the second such [113] Motion, through the Court's ECF system. Both Motions contain Certificates of Service to that effect, and both generated "Notices of Electronic Filing" which were sent to defense counsel, William H. Pettey, Jr., at his email address on record.

Under Federal Rule of Civil Procedure 5, "a written motion" is one of those papers which "must be served on every party." Fed. R. Civ. P. 5(a)(1)(D). "A paper is served under this rule by," *inter alia*, "sending it to a registered user by filing it with the court's electronic-filing system," wherein "service is complete upon filing, but it is not effective if the filer or sender learns that it did not reach the person to be served." *Id.* R. 5(b)(2)(E).[4] Therefore, the Court must conclude that Plaintiff effectively served these documents by filing them on the Court's ECF system and generating the Notices of Electronic Filing. Moreover, as noted below, Defendants

---

[4] Similarly, under the Administrative Procedures for Electronic Case Filing adopted by the United States District Court for the Southern District of Mississippi, "[t]he [ECF] system will generate a 'Notice of Electronic Filing' when any document is filed. This notice represents service of the document on parties who are registered participants with the system. Except as provided in Section 6(A), regarding conventional filing, the filing party will not be required to serve any pleading or other documents on any party receiving electronic notice." Adm. P. Elec. Case Filing R. 4(A)(1).

have not demonstrated that the Notice of Renewal of Judgment was defective in is form or service. Therefore, Defendants have not demonstrated entitlement to the relief requested. *See Powell v. Saia Motor Freight Line, Inc.*, No. 3:05CV513-WHB, 2007 WL 268751, at *2 (S.D. Miss. Jan. 25, 2007) (finding that plaintiff did not show excusable neglect for failure to respond to an electronically served motion for summary judgment).[5]

Next, Defendants argue that Plaintiff's Notice of Renewal of Judgment was defective—presumably on their theory that the Notice listed incorrect addresses for Defendants—and that Plaintiff thereby failed to properly enroll or renew the Judgments under Miss. Code Ann. § 15-1-43, rendering them unenforceable. (*See* Mot. Set Aside J. ¶¶ 7-15, ECF No. 117). Plaintiff responds that he renewed the Judgment "in accordance with Miss. Code Ann. § 15-1-43 and provided notice at the last known addresses of Defendants and their counsel." (Pl.'s Resp. Opp. Defs.' Mot. ¶ 5, ECF No. 118).

Defendants again do not state the legal basis for the relief requested or any mechanism which enables the Court to set aside the judgment for the cited reason. Renewal of judgments is governed by Miss. Code Ann. § 15-1-43, which provides

---

[5] Defendants also substantively dispute one of the grounds listed in Plaintiff's [113] Motion for Default—that Defendant Shavers failed to provide a signed Assignment to Plaintiff. Defendants claim that Plaintiff failed, as agreed, to prepare the assignment for Defendant Shavers's signature. (*See* Mot. Set Aside J. ¶¶ 4-5, ECF No. 117). Plaintiff responds that the Assignment was provided but that a signed copy was never returned. (Pl.'s Resp. Opp. Defs.' Mot. ¶ 4, ECF No. 118). Given that this issue was raised in the properly served Motion and not disputed by Defendants, the Court finds that this argument should have been brought in response to Plaintiff's Motion and has now been waived.

that "[a] judgment or decree may be renewed by the filing with the clerk of the court that rendered such judgment or decree a Notice of Renewal of Judgment or Decree." Miss. Code Ann. § 15-1-43. Further:

> At the time of the filing of the Notice of Renewal of Judgment, the judgment creditor or his attorney shall make and file with the clerk of the court that rendered the judgment an affidavit setting forth the name and last-known post office address of the judgment debtor and the judgment creditor. Promptly upon the filing of the Notice of Renewal of Judgment, the clerk shall mail notice of the filing of the Notice of Renewal of Judgment to the judgment debtor at the address given and shall make a note of the mailing in the docket. The notice shall include the name and post office address of the judgment creditor and the judgment creditor's attorney, if any, in this state. In addition, the judgment creditor may mail a notice of the filing of the Notice of Renewal of Judgment to the judgment debtor and may file proof of mailing with the clerk. Lack of mailing notice of filing by the clerk shall not affect the validity of the renewal of judgment if proof of mailing by the judgment creditor has been filed.

Consequently, attached to Plaintiff's [111] Notice of Renewal of Judgment was an Affidavit which set forth the last known addresses of Defendants and their counsel. (*See* Aff., ECF No. 111-2). Defendants dispute the current validity of the addresses listed on the Notice, but they have failed to show that these addresses were not the "last known" to Plaintiff. Therefore, the Court declines to set aside the Order and Judgment for the stated reason.

Finally, Defendants argue that the Order and Judgment excluded the wrong party, JESCO Mississippi, as the party in bankruptcy. (*See* Mot. Set Aside J. ¶ 16, ECF No. 117). Plaintiff agrees, stating that the exclusion of the wrong party in bankruptcy "was apparently a clerical error" and may be corrected under Rule 60(a). (*See* Mem. Supp. Pl.'s Resp. Opp. Def.'s Mot., at 6, ECF No. 119).

Rule 60(a) provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." "'Rule 60(a) finds application where the record makes apparent that the court intended one thing but by merely clerical mistake or oversight did another.'" *Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 668 (5th Cir. 1986) (quoting *Dura-Wood Treating Co., Div. of Roy O. Martin Lumber Co. v. Century Forest Indus., Inc.*, 694 F.2d 112, 114 (5th Cir. 1982)). Here, the record reveals that the Court intended to exclude the party dismissed by Plaintiff's [115] Partial Cancellation of Judgment, the similarly named Jesco Delaware, which was misnamed in the [116] Order and Judgment as Jesco Mississippi. Further, the parties seem to agree that this error of the Order and Judgment should be corrected. Therefore, the Court will issue an Amended Order and Judgment correcting this clerical oversight.

## II. MOTION TO DISMISS

Defendants have also filed a short [120] Motion to Dismiss which apparently invokes an [28] Order entered February 17, 2012, by the Honorable Walter J. Gex, III, to whom this case was previously assigned. Defendants characterize the Order as holding "that the court did not have jurisdiction over" all Defendants in this case. (Mot. Dismiss ¶¶ 1-3, ECF No. 120). The Order actually holds that a 2002 North Carolina judgment obtained by Plaintiff against JESCO Louisiana was unenforceable in Mississippi due to the applicable statute of limitations contained in Miss. Code Ann. § 15-1-45. (*See* Order, 1-3, ECF No. 28). Contrary to

Defendants' claim, the Order was not about a jurisdictional issue and was limited in effect to JESCO Louisiana, because "[n]one of the other Defendants in this suit were named in the North Carolina judgment." (*Id.* at 3).

Following Judge Gex's Order, Plaintiff filed an [41] Amended Complaint, which set forth causes of action against all Defendants, among them JESCO Louisiana. (*See* Am. Compl. ¶¶ XX-XXII, ECF No. 41).[6] Later, Defendants filed a second [102] Motion to Dismiss, which raised the same grounds for dismissal, viz. that the applicable statute of limitations barred enforcement of the North Carolina judgment. (Am. Mot. Dismiss, ECF No. 102). The Court never disposed of this Motion; instead, the parties settled and agreed to the [105] Agreed Judgment, which included JESCO Louisiana. (*See* Agreed J., ECF No. 105).

"[S]ettlement agreements, when fairly arrived at and properly entered into, are generally viewed as binding, final and as conclusive of the rights of the parties as is a judgment entered by the court." *Rodriguez v. VIA Metro. Transit Sys.*, 802 F.2d 126, 128 (5th Cir. 1986) (citations omitted). There has been no allegation that the settlement was defective in any manner or that the [105] Agreed Judgment was not a final judgment on the merits. Therefore, the Agreed Judgment is final and conclusive as to the rights of Plaintiff, Defendant Shavers, and Defendants JESCO Mississippi, JESCO Louisiana, JESCO Delaware, J5 Global, LLC, and J.D.S., LLC.

---

[6] The Amended Complaint alleged that a renewed "Judgment was entered against Defendant, JESCO Construction Corporation (a Louisiana corporation), . . . on August 13, 2012, in the General Court of Justice Superior Court Division, Craven County, North Carolina," which had thereafter been filed in Mississippi. (*Id.* at ¶ X).

The [120] Motion to Dismiss is thereby without merit and must be denied to preserve the finality of the settlement and Agreed Judgment.

### III.   MOTION FOR SANCTIONS AND HEARING

Plaintiff has filed a [123] Motion for Sanctions, as well as a [125] "Notice of Motion Hearing," which was docketed by the Court as a Motion for Hearing. Plaintiff expresses his frustration at Defendant Shavers' "uninterrupted course of harassing, frivolous, and redundant dilatory actions in this cause"—evinced by his above-described [120] Motion to Dismiss, which raised an issue similar to those found in motions filed in 2012 and 2014. (*See* Mot. Sanctions ¶¶ 1-5, ECF No. 123). He argues that Shavers willfully filed the [120] Motion in contravention of the [105] Agreed Judgment and established rules regarding the finality of judgments. (*Id.*).

Moreover, in his [121] Response to the Motion to Dismiss, Plaintiff cited two unrelated orders of the undersigned disposing of Defendant Shavers' appeals from his bankruptcy proceeding, which had commenced in the United States Bankruptcy Court for the Eastern District of Louisiana and was later transferred to this district. In the first such Order, rendered February 1, 2005, the Court describes a trial conducted before the bankruptcy court:

> During the trial, the court heard testimony from numerous witnesses, including Mr. Shavers himself, and was presented with evidence regarding Mr. Shavers' debts and his efforts to hinder, delay and defraud his creditors. . ..

(*See* Order, ECF No. 32, 1:04-cv-27-LG-RHW). Ultimately, the bankruptcy court found—and this Court affirmed—that Shavers failed to pay his debts as they became due. (*Id.*). The second such Order dismisses one of Shavers' several *pro se*

appeals from the bankruptcy court and notes that he "has shown a propensity to engage in dilatory tactics." (*See* Order, ECF No. 7, 1:05-cv-34-LG-RHW).  According to Plaintiff, this pattern of conduct has continued with Defendant Shavers filing a duplicate Motion to Dismiss on already-litigated grounds to avoid enforcement of the Judgments entered herein.  "Plaintiff asserts that such behavior is sanctionable pursuant to Rule 11 and has requested an award of $7500 as compensatory damages and in hopes that such an award would serve to deter Defendants' repetition of comparable conduct." (Mem. Supp. Pl.'s Mot. Sanctions, at 3, ECF No. 124).

Moreover, Plaintiff's has made clear in his filings to the Court that the accusations presented here are "not directed at Shavers['] present counsel," who first appeared in this case with the filing of the [117] Motion to Set Aside Judgment, because said counsel "lacks the historical perspective to know the intricate, twisted, and multi-decade pleadings history in this case, and was probably instructed by Mr. Shavers to file the pending Motion on the grounds contained therein."  (Resp. Mot. Dismiss ¶ 20, ECF No. 121).  Rather, Plaintiff directly attributes to Shavers "actual or at least constructive knowledge of the effect of a court judgment" and accuses him of "willfully [seeking] to go behind his own Agreed Judgment."  (Mot. Sanctions ¶ 2, ECF No. 123).  Therefore, Plaintiff seeks to sanction Shavers, a represented party, directly, for his alleged conduct with respect to an admittedly legally improper Motion to Dismiss.

Under Rule 11, "[b]y presenting to the court a . . . written motion . . . whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b).

"If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." *Id.* R. 11(c)(1). However, "[t]he court must not impose a monetary sanction . . . against a represented party for violating Rule 11(b)(2)," which concerns legal errors. *Id.* R. 11(c)(5); *see also Marlin v. Moody Nat. Bank, N.A.*, 533 F.3d 374, 380 (5th Cir. 2008) (holding that "[w]hile monetary sanctions are improper against a party for a violation of Rule 11(b)(2) . . ., they may be awarded against a party when a court determines *factual contentions* lacked evidentiary support.") (citing Fed. R. Civ. P. 11(c)(5)(A)).

Moreover, "'when a party's deplorable conduct is not effectively sanctionable pursuant to an existing rule or statute,' . . . 'it is appropriate for a district court to rely on its inherent power to impose sanctions.'" *Labat v. Rayner*, Civ. No. 20-447,

2022 WL 1467606 (E.D. La. Apr. 29, 2022) (discussing sanctions in connection to enforcement of a settlement agreement). "'Where a court calls upon its inherent power to sanction the parties before it, 'bad faith or willful abuse of the judicial process' must be established by 'clear and convincing proof.''" *Id.* (quoting *Vikas WSP, Ltd. v. Econ. Mud Prods. Co.*, 23 F.4th 442, 455 (5th Cir. 2022)) (cleaned up). "But bad faith, when present, does not 'excuse the court from choosing lesser sanctions that would do the job,' . . . because 'courts are generally required to impose the 'least onerous sanction which will address the offensive conduct.''" *Labat*, 2022 WL 1467606, at *2 (quoting *Deutsch v. Annis Enters., Inc.*, 882 F.3d 169, 176 (5th Cir. 2018)). "'The district courts wield their various sanction powers at their broad discretion.'" *Labat*, 2022 WL 1467606, at *2 (quoting *Olivarez v. GEO Grp., Inc.*, 844 F.3d 200, 203 (5th Cir. 2016)).

Here, the disputed [120] Motion to Dismiss contains a terse legal argument to the effect that an earlier Order entered in this case warrants dismissal. Although the Motion is ultimately meritless, the Court cannot hold Shavers directly accountable for Rule 11 sanctions where it constitutes a legal misjudgment, even were this error sanctionable. Under Rule 11(c)(5)(A), the Court cannot impose Rule 11 sanctions for the cited reason, and it declines to award sanctions under the inherent power out of similar concerns. The [123] Motion for Sanctions and [125] Motion for Hearing should therefore be denied on these grounds.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [117] Motion to Set Aside Judgment filed by Defendants, John E. Shavers individually and d/b/a

Jesco Disaster Services and d/b/a JDS Disaster Services, Jesco Construction Corporation (a Mississippi Corp.), Jesco Construction Corporation (a Louisiana Corp.), Jesco Construction Corporation (a Delaware Corp.), J5 Global LLC, J.D.S., LLC, and John Does 1-5, is **GRANTED IN PART AND DENIED IN PART.** An Amended Order and Judgment will be entered herewith.

    **IT IS FURTHER ORDERED AND ADJUDGED** that the [120] Motion to Dismiss filed by Defendants is **DENIED.**

    **IT IS FURTHER ORDERED AND ADJUDGED** that the [123] Motion for Sanctions and [125] Motion for Hearing filed by Plaintiff, Theodore Connor III d/b/a War-Con Construction Company, are **DENIED.**

    **SO ORDERED AND ADJUDGED** this the 14th day of December, 2023.

                                                s/ *Louis Guirola, Jr.*
                                                LOUIS GUIROLA, JR.
                                                UNITED STATES DISTRICT JUDGE